# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,

   *Petitioner,*

     v.

CHESHIRE COUNTY SHERIFF;

TODD SHANKS, Sheriff;

STATE OF NEW HAMPSHIRE,

   *Respondents.*

**Case No.** 1:26-CV-00226- SM-TSM

*(Related to Case No. 1:26-cv-00226-SM-TSM)*

*(First Circuit Appeal No. 26-1564)*

# EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. § 2241

## IMMEDIATE RELEASE DEMANDED

TO THE HONORABLE COURT:

Petitioner Randall Collier, a United States Navy Veteran, currently held in the custody of the Cheshire County Sheriff at the Cheshire County House of Corrections, Keene, New Hampshire, respectfully petitions this Court for an Emergency Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and demands his immediate release on the following grounds:

## I. EMERGENCY CIRCUMSTANCES

1. Petitioner was arrested on Friday, May 29, 2026, and is currently being held in custody. At the time of arrest, Petitioner was informed that he was being arrested for driving on a suspended license. Petitioner immediately notified the arresting officers that he had received no prior notice of any license suspension. No written notification, no hearing, and no opportunity to contest the suspension was provided to Petitioner before the arrest. Police further informed Petitioner that there is a NO BOND HOLD against him, meaning Petitioner is being detained indefinitely without any opportunity for release on bail. A no-bond hold on a misdemeanor charge for a person with no criminal record, who is an active federal plaintiff with a pending First Circuit appeal, constitutes cruel and unusual punishment under the Eighth Amendment and a deprivation of liberty without due process under the Fifth and Fourteenth Amendments.

2. Petitioner is the Plaintiff in an active federal civil rights action, Collier v. State of New Hampshire, et al., Case No. 1:26-cv-00226-SM-TSM, currently pending before this Court. The case challenges the constitutionality of the New Hampshire Title IV-D administrative adjudication scheme under 42 U.S.C. §§ 1983, 1985, 1986, and 18 U.S.C. § 1962 (RICO).

3. Petitioner has an active appeal pending before the United States Court of Appeals for the First Circuit, Case No. 26-1564, and has filed an Emergency Motion for Relief Pending Appeal under Fed. R. App. P. 8.

4. On May 27, 2026 — two days before this arrest — Petitioner filed a Request for Entry of Default and Motion for Default Judgment against Defendant Hillary May (Merritt) in the federal action. The timing of this arrest, immediately following the filing of default papers against a named defendant, raises serious concerns of retaliation for the exercise of First Amendment rights to petition the government for redress of grievances.

## II. GROUNDS FOR IMMEDIATE RELEASE

5. VOID WARRANT: If this arrest is based on any warrant signed by Magistrate Stephanie Johnson, that warrant is void ab initio. The NH Secretary of State confirmed by official email on June 16, 2025, that "Stephanie Johnson is a Magistrate. No oath for her." N.H. Const. Pt. II, Art. 84 requires all officers to take an oath before entering upon their duties. Without the oath, Johnson was never lawfully a magistrate, and any warrant she signed has no legal force. Norton v. Shelby County, 118 U.S. 425, 442 (1886). Magistrate Johnson has since been terminated for misconduct.

6. PENDING FEDERAL ACTION: Petitioner's federal civil rights action (1:26-cv-00226-SM-TSM) is currently pending with an active Amended Complaint that has not been screened on the merits. Multiple defendants have failed to respond and are in default. The arrest of a federal plaintiff during active federal litigation raises serious due process concerns.

7. PENDING FIRST CIRCUIT APPEAL: Petitioner has an active appeal (No. 26-1564) and an Emergency Motion under Rule 8 pending before the First Circuit. Continued detention interferes with Petitioner's ability to prosecute his federal appeal.

8. NOTICE OF REMOVAL: On March 25, 2026, Petitioner filed a Notice of Removal under 28 U.S.C. § 1443, removing his state criminal cases to federal court. Under 28 U.S.C. § 1446(d), once a notice of removal is filed, the state court "shall proceed no further unless and until the case is remanded." If this arrest arises from any of the removed cases, the state court lacked authority to issue a warrant or order arrest.

9. NO CRIMINAL RECORD: The State's own prosecutor, Dennis Thivierge, admitted on the record at the July 24, 2025 hearing that Petitioner has no criminal record (Transcript, p. 43, lines 5-6). Trooper Paul Bergeron admitted under oath that he witnessed no crime (Tr. 24:17) and that there were no physical injuries reported by any party (Tr. 24:21-22).

10. FIRST AMENDMENT RETALIATION: This arrest occurred two days after Petitioner filed default papers against a named defendant in his federal civil rights action. The timing suggests retaliation for the exercise of constitutionally protected rights under the First Amendment. Elrod v. Burns, 427 U.S. 347 (1976), holds that deprivation of First Amendment freedoms constitutes irreparable injury.

12. BCSS-DIRECTED SUSPENSION WITHOUT DUE PROCESS: The license suspension underlying this arrest was directed by the Bureau of Child Support Services (BCSS) through the NH Division of Motor Vehicles. BCSS agent Justine Guay previously confirmed by telephone that BCSS directed DMV to suspend Petitioner's license in connection with child support obligations. This suspension was imposed without prior written notice to Petitioner, without a hearing, and without any opportunity to contest the suspension before it took effect. BCSS is a named defendant in Petitioner's active federal civil rights action (Case No. 1:26-

cv-00226-SM-TSM) and was served with the Amended Complaint on May 4, 2026. The suspension of Petitioner's license by a named defendant in an active federal lawsuit, without due process, followed by arrest for driving on that suspended license, constitutes a cascading deprivation of constitutional rights.

13. PATTERN OF MANUFACTURED CRIMINAL LIABILITY: This is not the first time the State has manufactured criminal liability through administrative action taken without due process. On July 29-30, 2025, Petitioner was charged with driving after suspension and his automobile was seized by State Police — both arising from the same BCSS-directed license suspension imposed without notice or hearing. The State creates the suspension without due process, then prosecutes the citizen for the consequences of the suspension. This is a circular trap designed to generate criminal charges from administrative actions taken without constitutional safeguards. Sanders v. English, 950 F.2d 1152 (5th Cir. 1992), holds that continued prosecution when officers know the underlying basis is flawed gives rise to a § 1983 due process violation.

14. THREE SEALED LETTERS FROM NAMED DEFENDANT: Since being served with the Amended Complaint on May 4 and May 6, 2026, BCSS/DHHS has sent Petitioner three letters (postmarked May 13, approximately May 21, and May 22, 2026) — all of which remain unopened and preserved as evidence. BCSS had time to send three letters but has not filed any response to the federal lawsuit. The

60-day deadline for BCSS to respond expires July 3, 2026. Meanwhile, the agency that is sending Petitioner mail is also directing the suspension of his license and creating the conditions for his arrest.

15. EXCESSIVE BAIL / NO BOND HOLD / PRETRIAL DETENTION: Petitioner is being held on a NO BOND HOLD for a misdemeanor charge of driving on a suspended license. This means Petitioner has been denied bail entirely — he cannot post any amount to secure his release. The Eighth Amendment prohibits excessive bail. A no-bond hold for a misdemeanor is per se excessive. Stack v. Boyle, 342 U.S. 1, 5 (1951), holds that bail set higher than necessary to ensure the defendant's appearance is "excessive" under the Eighth Amendment. A no-bond hold sets bail at infinity. In re Kowalczyk, S277910 (Cal. Supreme Court, April 30, 2026), held unanimously that misdemeanor pretrial detention is unconstitutional. Petitioner has no criminal record (Tr. 43:5-6), has appeared at every hearing, has never fled, and poses no threat to any person. A no-bond hold under these circumstances is unconstitutional, punitive, and retaliatory.

12. CONFRONTATION RIGHTS: State v. Warren, 337 A.3d 265 (N.H. 2025), holds that N.H. Const. Art. 15 "clearly and unambiguously requires a face-to-face confrontation between the accused and the witness." Any proceeding resulting in this arrest that denied Petitioner's confrontation rights violates the NH Supreme Court's own binding precedent.

13. SOLE CARETAKER: Petitioner is the sole caretaker of his elderly father. Continued detention causes immediate and irreparable harm to a dependent family member who relies on Petitioner for daily care and transportation.

## III. RELIEF REQUESTED

14. Petitioner respectfully requests that this Court:

(a) Issue an Emergency Writ of Habeas Corpus ordering Petitioner's immediate release from custody;

(b) Order the Cheshire County Sheriff to produce Petitioner before this Court within 24 hours to show cause for continued detention;

(c) Enjoin all state court proceedings against Petitioner pending resolution of the federal civil rights action (1:26-cv-00226-SM-TSM) and the First Circuit appeal (No. 26-1564);

(d) Declare that any warrant issued by Magistrate Stephanie Johnson is void ab initio;

(e) Declare that Petitioner's arrest constitutes retaliation for the exercise of First Amendment rights;

(f) Order an investigation into the timing and circumstances of this arrest in relation to the federal filings;

(g) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted under emergency circumstances,


/s/ RANDALL COLLIER    DATE: May 29, 2026

Randall Collier

*Sui Juris, Pro Se*

*United States Navy Veteran*

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-3648

Email: 042611t@gmail.com

**CURRENTLY HELD: Cheshire County House of Corrections, Keene, NH**

# VERIFICATION

I, Randall Collier, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief. This verification is based on personal knowledge. I am currently in custody and have limited access to my legal documents and records.

/s/ RANDALL COLLIER    DATE: May 29, 2026