**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER

          v.                                           Civil No. 26-cv-448-SE-AJ

CHESHIRE COUNTY SHERIFF AND
STATE OF NEW HAMPSHIRE

## REPORT AND RECOMMENDATION

Before the court is Randall Collier's petition for a writ of habeas corpus (Doc. No. 1),

filed under 28 U.S.C. § 2241, challenging his "no bond hold" pretrial detention at the Cheshire

County Department of Corrections ("CCDC").  The matter is here to determine whether the

claims raised in the petition are facially valid and may proceed.  See 28 U.S.C. § 2243; Rules

1(b) & 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4).

### § 2254 Rule 4 Review Standard

A judge is required to promptly examine any petition for habeas relief, and if "it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court, the judge must dismiss the petition."  § 2254 Rule 4.  "Federal courts are

authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes Mr. Collier's pleadings

liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### Background

When Mr. Collier filed this petition, he was at the CCDC in what he describes as a "no

bond hold," on a misdemeanor charge of driving with a suspended license.  He filed this § 2241

Petition shortly after he was taken into custody.

Construed liberally, the Petition asserts federal constitutional claims, including excessive

bail, a deprivation of liberty without due process, and retaliatory adverse acts by State officials,

in violation of Mr. Collier's First Amendment, Sixth Amendment, and Fourteenth Amendment rights, as well as violations of his Eighth Amendment rights.  He seeks injunctive relief including release from confinement and dismissal of his state proceedings.

**Discussion**

I.      Exhaustion

Petitioners in state custody, including those in pretrial detention, must exhaust their state remedies before seeking federal habeas relief.  See Bancroft v. Massachusetts, 525 F. Supp. 2d 237, 241 (D. Mass. 2007); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010).  The exhaustion requirement may be deemed satisfied in New Hampshire when the New Hampshire Supreme Court has had one full, "fair opportunity" to correct the claimed constitutional error, either in the context of a direct appeal or in a collateral review proceeding.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) (internal quotation marks and citation omitted).  The jurisprudential exhaustion requirement under section 2241 "'protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions'" and "'limit[s] federal interference in the state adjudicatory process.'"  Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015).

Mr. Collier does not appear to have exhausted his state remedies on his federal claims. Nor does it appear that any exception to the exhaustion requirement applies here.  "'Exceptions to the exhaustion requirement are appropriate where . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'"  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted).  Exceptions to the exhaustion requirement arise only in "'extraordinary circumstances,'" and petitioner bears the burden of demonstrating the futility of exhausting state remedies.  Id. (citations omitted).  See, e.g., Cuevas v. Pennsylvania, No. 1:19-CV-1733, 2020

WL 1911511, at *3, 2020 U.S. Dist. LEXIS 68609, at *10 (M.D. Pa. Apr. 20, 2020) (declining to excuse section 2241 exhaustion requirement for pretrial detainee asserting speedy trial, ineffective assistance of counsel, and excessive confinement claims).

Nothing before this court suggests that Mr. Collier is unable to exhaust each of the claims asserted in this case in his pending state court proceedings. Accordingly, the district judge should dismiss Mr. Collier's § 2241 petition for a writ of habeas corpus, without prejudice, for lack of exhaustion.

II.      *Younger* Abstention

As the court should dismiss the petition for lack of exhaustion, the court need not address at this time whether abstention is required under Younger v. Harris, 401 U.S. 37 (1971), with respect to Mr. Collier's claims. This court notes, however, that "'[c]ourts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances.'" Graham v. Maine, No. 2:20-cv-00315-JDL, 2020 WL 6811492, at *1, 2020 U.S. Dist. LEXIS 184185, at *3 (D. Me. Oct. 5, 2020) (citation omitted), R&R approved, 2020 WL 7753684, 2020 U.S. Dist. LEXIS 243246 (D. Me. Dec. 29, 2020). If Mr. Collier completely exhausts his state remedies and refiles a similar petition while his state prosecutions remain ongoing, the court may address, as appropriate, the implications of the Younger abstention doctrine at that time.

**Certificate of Appealability**

The district judge should decline to issue a certificate of appealability ("COA") in this case.[1] A COA may issue "only if the [petitioner] has made a substantial showing of the denial of

---

[1]See Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or

a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. at 484.  Here, Mr. Collier has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that his failure to exhaust his state remedies bars further review of his claims at this time.

### Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition (Doc. No. 1) without prejudice, and the district judge should decline to issue a certificate of appealability. Then, judgment should be entered; and the case should be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

June 2, 2026

cc:    Randall Collier, Jr., pro se

---

post-conviction relief under § 2254.").  But cf. Gonzalez v. Justices of Mun. Ct., 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), vacated on other grounds, 544 U.S. 918 (2005), reinstated, 420 F.3d 5 (1st Cir. 2005).