Page 1

Randall Collier
Sui Juris, Pro Se
United States Navy Veteran
26 Joslin Rd
Surry, New Hampshire 03431
(603) 803-3648
042611t@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,                                    Case No. 1:26-cv-00448-SE-AJ
     Petitioner,
     v.
CHESHIRE COUNTY SHERIFF;
CHESHIRE COUNTY DEPARTMENT OF CORRECTIONS;
ANNE EDWARDS, NH Superior Court Executive Administrator;
STATE OF NEW HAMPSHIRE,
     Respondents.

## PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
### FED. R. CIV. P. 72(b)(2) | 28 U.S.C. § 636(b)(1)(C)
*De Novo Review Demanded — Petitioner Remains in Custody on a No-Bond Hold*

NOW COMES Petitioner Randall Collier, a United States Navy Veteran, appearing Sui Juris, Pro Se, and respectfully submits these timely Objections to the Report and Recommendation entered June 2, 2026 (Doc. No. _____) by United States Magistrate Judge Andrea K. Johnstone, which recommends that the Article III District Judge dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice for failure to exhaust state remedies and decline to issue a certificate of appealability. Petitioner remains incarcerated on a no-bond hold at the Cheshire County Department of Corrections and requests expedited review.

Page 2

## I.    PRELIMINARY STATEMENT

1.    Petitioner files these Objections within fourteen (14) days of receipt of the Report and Recommendation, as permitted by Fed. R. Civ. P. 72(b)(2). The District Judge must therefore make a de novo determination of the portions of the Report and Recommendation to which Petitioner objects.

2.    The Report and Recommendation does not reach the merits of any constitutional claim. It rests on a single procedural ground — that Petitioner has not exhausted his state remedies and that no exception to the exhaustion requirement applies. Petitioner objects to that conclusion and to the related recommendation that no certificate of appealability issue.

3.    Petitioner has been held on a no-bond hold at the Cheshire County Department of Corrections since May 29, 2026. He now faces a cluster of imminent state hearings — July 2, July 6, and July 8, 2026 — which he must confront while detained and unrepresented. Each additional day of detention is irreparable. Expedited consideration is respectfully requested.

## II.    STANDARD OF REVIEW

4.    Under Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C), the District Judge reviews de novo those portions of a magistrate judge's recommendation to which a party objects, and may accept, reject, or modify the recommended disposition in whole or in part. The objected-to portions identified below are entitled to fresh review without deference to the recommendation.

Page 3

## III.   OBJECTIONS

### A.   The Report Erred in Finding No Exception to Exhaustion Applies

5.   The Report correctly states the governing standard. Quoting **Fuller v. Rich**, 11 F.3d 61, 62 (5th Cir. 1994), the Report acknowledges that exhaustion is excused where state remedies "are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," in extraordinary circumstances, with the burden on the petitioner.

6.   Petitioner objects to the finding that "nothing before this court suggests" an inability to exhaust. The record does make that showing; the Report did not engage with it. The following facts, already in the record, establish that the state forum is the source of the very lawlessness Petitioner would be required to exhaust against:

(a)   The no-bond hold was imposed by Anne Edwards — a Superior Court Executive Administrator, not a judge or justice — for failing to appear at a May 7, 2026 hearing that Edwards herself scheduled forty-three days after Petitioner filed a Notice of Removal under 28 U.S.C. § 1443. Under 28 U.S.C. § 1446(d), upon filing of the notice of removal the state court "shall proceed no further unless and until the case is remanded." No remand has issued. A forum that detains a person for declining to attend a hearing it had no jurisdiction to conduct is not one in which the detention claim can be meaningfully exhausted.

(b)   The arrest warrant underlying the related prosecution was signed by Magistrate Stephanie Johnson, who had no oath of office on file per the New

Page 4

Hampshire Secretary of State and was subsequently terminated. Acts of an officer without lawful authority are void ab initio. **Norton v. Shelby County**, 118 U.S. 425, 442 (1886).

(c)    The same administrator disqualified Petitioner's retained criminal defense counsel without offering a conflict waiver, leaving Petitioner unrepresented across multiple criminal cases. Wrongful deprivation of counsel of choice is structural error. **United States v. Gonzalez-Lopez**, 548 U.S. 140, 150 (2006).

(d)    The State prosecuted Petitioner under RSA 173-B:9 when the only orders in evidence issued under RSA 633:3-a — a distinction the New Hampshire Supreme Court held dispositive in **State v. Simone**, 151 N.H. 328 (2004) — and has repeatedly entered orders without the justice's signature required by RSA 493-A:1-a. The violation-of-protection-order prosecution under RSA 173-B:9 is set for hearing on July 8, 2026.

7.    These are not generalized grievances. They are specific, documented instances in which the state tribunal has declined to follow its own statutes and the federal removal statute. Where the forum in which a petitioner would exhaust is itself the source of the unlawful conduct, the attempt to exhaust is "patently futile." Fuller, 11 F.3d at 62.

## B.    The Report Failed to Distinguish the Excessive-Bail Claim, Which Is Cognizable in Pretrial Habeas

8.    Pretrial federal habeas under 28 U.S.C. § 2241 is available to test the fact and conditions of confinement — paradigmatically, excessive bail — as distinct from

Page 5

litigating defenses to a pending prosecution. **Braden v. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484 (1973).

9.   A no-bond hold imposed on a person charged with only a violation-level offense (Driving After Revocation/Suspension, RSA 263:64, VII, Charge ID 2447213C) and a single Class A misdemeanor (Disobeying an Officer, RSA 265:4, Charge ID 2447214C), both set for hearing on July 6, 2026, and who has no criminal record, sets bail at infinity. Bail set higher than reasonably calculated to assure the accused's presence is "excessive" under the Eighth Amendment. **Stack v. Boyle**, 342 U.S. 1, 5 (1951).

10.   The Report treated all of Petitioner's claims as a single, undifferentiated request to dismiss the state proceedings. The detention claim does not ask this Court to abort the prosecution; it asks only that Petitioner not be held without any bail while it proceeds. That claim should have been analyzed separately, and exhaustion should be measured against the bail-review mechanisms actually available to Petitioner.

## C.    Petitioner Is Concurrently Exhausting the Detention Claim; Dismissal Is Premature

11.   Contemporaneously with these Objections, Petitioner is filing in the Cheshire County Superior Court an emergency motion to vacate the no-bond hold and set reasonable bail, and, if denied, will pursue expedited bail review in the New Hampshire Supreme Court under the bail-review procedures of RSA chapter 597 and the New Hampshire Rules of Criminal Procedure.

Page 6

**12.** The proper course, if the Court is not prepared to reach the merits, is to hold the petition in abeyance pending the state bail ruling rather than dismiss it. Abeyance preserves the existing case and avoids the loss of time for a detained petitioner. In the alternative, any dismissal must be without prejudice (as the Report itself recommends) and accompanied by a certificate of appealability.

## D.     The Recommendation to Decline a Certificate of Appealability Is Error

**13.** Where a petition is dismissed on procedural grounds, a certificate of appealability should issue when jurists of reason would find debatable both (i) whether the petition states a valid constitutional claim and (ii) whether the procedural ruling was correct. **Slack v. McDaniel**, 529 U.S. 473, 484 (2000).

**14.** Both are debatable here. The underlying Eighth Amendment claim — a no-bond hold on a misdemeanor defendant with no criminal record — is substantial under Stack v. Boyle. And the procedural ruling — whether the futility and extraordinary-circumstances exception applies on this specific record of Section 1446(d) violations and void official acts — is, at minimum, one on which reasonable jurists could disagree. A certificate of appealability should issue under 28 U.S.C. § 2253(c).

## E.     The Report's Younger Dicta Should Not Be Adopted as an Alternative Basis for Dismissal

**15.** The Report did not rest on Younger abstention but noted it. To the extent the District Judge considers it, abstention is inappropriate where the prosecution is brought in bad faith or to harass, or where other extraordinary circumstances exist. **Younger v. Harris**, 401 U.S. 37, 53–54 (1971); **Dombrowski v. Pfister**, 380 U.S. 479 (1965).

Page 7

16.   The bad-faith and harassment exception is squarely presented. Petitioner was arrested on May 29, 2026, two days after mailing default papers against a named defendant in his federal civil rights action (No. 1:26-cv-00226-SM-TSM), and the detention flows from a driver's license suspension directed by another named federal defendant, the Bureau of Child Support Services, without prior notice or hearing. The timing of the arrest and the involvement of named federal defendants are particularized facts that distinguish a bad-faith prosecution from ordinary enforcement.

17.   The pattern continued during Petitioner's detention. While Petitioner was held on the no-bond hold, the Bureau of Child Support Services — a named federal defendant — requested and obtained the rescheduling of a show cause hearing from June 4 to July 2, 2026, in Case No. 649-2025-DM-00255, captioned State of New Hampshire / Hillary May and Randall Collier. Both the agency advancing that proceeding and the adverse private party named in its caption are defendants in Petitioner's federal action. A state proceeding pressed forward by named federal defendants against a federal plaintiff who is simultaneously jailed and unable to appear is the hallmark of harassment that Younger's exception exists to address.

17A. Superior Court Status Conference I missed, this is reason for No Bond hold

## IV.   RELIEF REQUESTED

18.   WHEREFORE, Petitioner respectfully requests that the District Judge:

    (a)   Conduct de novo review of the portions of the Report and Recommendation objected to herein;

Page 8

(b)    Reject the recommendation to dismiss for failure to exhaust, and instead

either reach the merits of the excessive-bail claim or hold the petition in abeyance

pending the state bail ruling;

(c)    If the Court nonetheless dismisses the petition, confirm that the dismissal is

without prejudice and issue a certificate of appealability under 28 U.S.C. §

2253(c);

(d)    Order expedited consideration in light of Petitioner's ongoing detention; and

(e)    Grant such other and further relief as is just and proper.

(F) Funds, fines, fees, Bail Constitutes fiduciary issues under 18USC 1957 + 654

(G) Federal Disclosure Regulation: Parties must be notified in writing of the bonds, opportunity to object + provided the full ledger, accounting + dispursement Record.

(H) Today July 6th in Case no. 449 2026 CR 01046 at 0830 hrs The unhonorable Justins Hersh refused to disclose fiduciary obligations + documents, and ignored UCC 1-308 UCC 3-501b, Fed Rule of Evidence 2010, 28 USC 455, writ of mandamus, Prohibition, Quo warranto, Replevin. 8th Circuit Court Hersh Ignored a demand for IRS form 56, a completed W-9 To show TIN #, Surety bond, CUSIP #, IRS det of Stats letter, Articles of Inc + Assoc, market value of Case, Statement of accounts, + CAFR, 1099A + 1099 OID, 1099C, IRS 3624 and walked out of the Courtroom. Witnesses were Rhonda Thayer + Allan Collier

Page 9

## VERIFICATION

I, Randall Collier, Petitioner, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the factual statements in the foregoing Objections are true and correct to the best of my knowledge, information, and belief.

/s/ Randall Collier                    DATE: July 6th 2026
Petitioner, Pro Se

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with the privacy requirements of Fed. R. Civ. P. 5.2 and does not contain any unredacted Social Security number, taxpayer identification number, full birth date, name of a minor child (referred to by initials only), or financial-account number.

/s/ Randall Collier                    DATE: July 6th 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July_____, 2026, a true and correct copy of the foregoing Petitioner's Objections to the Report and Recommendation was filed with the Clerk of Court and served by first-class United States Mail upon the following:

Cheshire County Sheriff / Department of Corrections, 12 Court Street, Keene, NH 03431
Anne Edwards, Superior Court Executive Administrator, Cheshire County Superior Court, 12 Court Street, Keene, NH 03431
New Hampshire Attorney General's Office, 1 Granite Place South, Concord, NH 03301

/s/ Randall Collier                    DATE: July 6th 2026
Petitioner, Pro Se

Inmate Collier
825 Marlboro Rd.
Keene n H
03431

US POSTAGE [IMI PITNEY BOWES]
FIRST-CLASS
ZIP 03431
02 7H
0006172597
$ 001.32⁰
JUL 07 2026

USMS SCREENED

New Hampshire District Court
55 Pleasant St

Concord NH

03301