*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,

   *Petitioner,*


    v.


CHESHIRE COUNTY SHERIFF, ET AL.,

   *Respondents.*


**Case No. 1:26-cv-00448-SE-AJ**


# NOTICE OF LEGAL ERROR

## IN THE CLERK'S REJECTION OF NEXT FRIEND HABEAS PETITION


NOW COMES Petitioner Randall Collier and respectfully brings to this Court's attention a legal error in the Clerk's Office's rejection of a habeas corpus petition filed by Roxanne Elaine Durfey as Next Friend on behalf of Petitioner.

## I. THE CLERK'S REJECTION

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

1. On June 12, 2026, the Clerk's Office, by letter signed "Very truly yours, Tracy Uhrin, Clerk of Court" (with signature of Lianne Wagner), returned a habeas corpus filing submitted by Roxanne Elaine Durfey on behalf of Petitioner.

2. The letter stated: "The attached filing is being returned to you as you are not a party to this case. Federal Rules of Civil Procedure 11 states that, 'Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.'"

3. The Clerk's Office applied Federal Rule of Civil Procedure 11 to reject the filing. This application was legally incorrect.

## II. THE APPLICABLE LAW

4. Habeas corpus petitions are not governed by the general signature provisions of Rule 11. They are governed by their own specific federal statute. Title 28, United States Code, Section 2242 provides, in relevant part:

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

5. The phrase "or by someone acting in his behalf" is the statutory foundation of the Next Friend doctrine. It has been the law of the United States since the Judiciary Act of 1789 and was expressly confirmed by the Supreme Court of the United States in Whitmore v. Arkansas, 495 U.S. 149, 161–63 (1990), which held

Page 2 of 11

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

that a "next friend" may file a habeas petition when the real party in interest is unable to litigate his own cause due to inaccessibility, mental incompetence, or other disability.

6. Where a specific federal statute provides its own signature and filing requirements, that statute controls over the general provisions of the Federal Rules of Civil Procedure. This is a fundamental principle of statutory construction: the specific governs the general. Morton v. Mancari, 417 U.S. 535, 550–51 (1974).

## III. THE CIRCUMSTANCES OF THE FILING

7. At the time of the rejected filing, Petitioner was incarcerated at the Cheshire County House of Corrections on a no-bond hold. He had been in custody since May 29, 2026. These are the precise circumstances in which the Next Friend doctrine exists to operate.

8. Petitioner was unable to sign the petition himself because:

> (a) He was physically incarcerated and could not appear at the courthouse to file;

> (b) The jail denied his legal mail, as documented by the jail's own Denied Mail Form, preventing him from receiving documents that required his signature;

> (c) He had no access to CM/ECF or any electronic filing system;

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

(d) He had no access to his legal documents or case files.

9. Roxanne Elaine Durfey is Petitioner's sister. She identified herself as Next Friend, cited 28 U.S.C. § 2242 in the filing, and explained that Petitioner was incarcerated and unable to sign. The filing complied with every requirement of § 2242.

## IV. THE CONSEQUENCE OF THE ERROR

10. The Clerk's rejection of the Next Friend filing delayed habeas review during a period when Petitioner was being held on a no-bond hold for a misdemeanor charge. Petitioner has no criminal record. He is a United States Navy Veteran. He is the sole caretaker of his elderly father. He is an active federal plaintiff in Case No. 1:26-cv-00226-SM-TSM with a pending First Circuit appeal (No. 26-1564).

11. The rejection forced Petitioner's family to make additional efforts to bring the petition to the jail for Petitioner's personal signature — efforts that consumed additional days during which Petitioner remained in custody on an unconstitutional no-bond hold.

12. By the time the petition was eventually accepted and filed (June 1, 2026, as Case No. 1:26-cv-00448-SE-AJ), and the Magistrate Judge issued her Report and Recommendation recommending denial (June 2, 2026), Petitioner's fourteen-day objection period under Fed. R. Civ. P. 72(b)(2) began running while he was incarcerated, denied mail, and unable to receive or respond to the R&R. The

Page 4 of 11

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

Clerk's erroneous rejection of the Next Friend filing contributed to the cascade of procedural prejudice that followed.

## V. RELIEF REQUESTED

13. Petitioner respectfully requests that this Court:

(a) Acknowledge the legal error in the Clerk's June 12, 2026 rejection of the Next Friend habeas filing and direct the Clerk's Office that habeas corpus petitions filed under 28 U.S.C. § 2242 by a Next Friend are legally authorized and shall be accepted for filing;

(b) Consider the Clerk's erroneous rejection as a factor in evaluating Petitioner's excusable neglect for any missed deadlines during his 55-day incarceration under Fed. R. Civ. P. 6(b)(1)(B);

(c) Note for the record that the Clerk's error, combined with the jail's denial of legal mail, created a procedural trap in which Petitioner was simultaneously prevented from signing the petition himself and prevented from having his Next Friend sign it on his behalf — effectively denying him all access to the habeas remedy guaranteed by Article I, Section 9, Clause 2 of the United States Constitution.

Respectfully submitted,

Case 1:26-cv-00448-SE-AJ    Document 9    Filed 08/07/26    Page 6 of 13

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

/s/ RANDALL COLLIER    DATE: ALG  1  2026

Randall Collier

*Sui Juris, Pro Se*

*United States Navy Veteran*

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

Page 6 of 11

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

## VERIFICATION

I, Randall Collier, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief. This verification is based on personal knowledge, the Clerk's June 12, 2026 letter (attached as Exhibit A), and the jail's Denied Mail Form (attached as Exhibit B).

/s/ RANDALL COLLIER    DATE: Aug 1 2026

Case 1:26-cv-00448-SE-AJ   Document 9   Filed 08/07/26   Page 8 of 13

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with the privacy requirements of Fed. R. Civ. P. 5.2 and does not contain any unredacted Social Security numbers, taxpayer identification numbers, birth dates (other than year), names of minor children (referred to by initials only), or financial account numbers.

/s/ RANDALL COLLIER    DATE: _Aug 1 2026_

Case 1:26-cv-00448-SE-AJ    Document 9    Filed 08/07/26    Page 9 of 13

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, the foregoing NOTICE OF LEGAL ERROR IN THE CLERK'S REJECTION OF NEXT FRIEND HABEAS PETITION was filed with the Clerk of Court and served by first-class United States Mail upon:


Cheshire County Sheriff / Department of Corrections

12 Court Street, Keene, NH 03431


NH Attorney General's Office

1 Granite Place South, Concord, NH 03301

/s/ RANDALL COLLIER    DATE: _Aug 1 2026_

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

# EXHIBIT A

### Clerk's Letter Dated June 12, 2026

### Rejecting Next Friend Habeas Filing

Signed by Tracy Uhrin, Clerk of Court

With Signature of Lianne Wagner

*[Attach copy of June 12, 2026 letter behind this page]*

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
Tracy A. Uhrin, Clerk of Court                          Telephone: 603-225-1423
Karen A. Gorham, Chief Deputy Clerk                     Web: www.nhd.uscourts.gov

June 12, 2026

Roxanne Elaine Durfey
26 Joslin Rd
Surry, NH 03431

Dear Roxanne:

The attached filing is being returned to you as you are not a party to this case. Federal Rules of Civil Procedure 11 states that, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."

Very truly yours,
Tracy Uhrin, Clerk of Court


/s/ Lianne Wagner
Lianne Wagner

Enclosure

*Collier v. Cheshire County Sheriff — Case No. 1:26-cv-00448-SE-AJ*

# EXHIBIT B

## Cheshire County House of Corrections

## Denied Mail Form

Documenting Denial of Petitioner's Legal Mail

*[Attach copy of Denied Mail Form behind this page]*

Received Mon 6/30/26

229a

# *Mail Denial Form*

Date:       6-25-26
Time:       0145
Officer:    BEDARD
Inmate:     Collier, Randall
Sender:     Collier

## *Reason For Denial:*

- ☐ Stickers / Glitter / Glue Substance
- ☐ Unknown Substances / Unknown Fragrance
- ☐ No Contact Order / Keep Separate Order
- ☐ Holiday Card / Greeting Card / Birthday Card
- ☐ Multi-layered Papers / Multi-layered Pictures
- ☐ Pictures that do not comply with CCDOC Policy
- ☒ Heavy Ink / Marker / Crayon / Paint / Water Spots
- ☐ Different Colored Ink other than Blue or Black
- ☐ Unknown Signs / Unknown Symbols
- ☐ Magazines / Posters / Calendars
- ☐ Multiple letters to different inmates
- ☐ Incomplete Return Address
- ☐ Personal Checks
- ☐ Other Reason: _____

Further Details: _____

_____

Number of Pages Denied: ___/___
Placed in Property:      Yes or No
Free Copies Provided:    Yes or No

**If free copies were deemed not to be provided and you would like copies of the denied mail, please fill out a Copy Request Form. Each page will cost $1.**